Filed 9/24/24  P. v. Lopez CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>DANIEL RUBEN LOPEZ,<br><br>　　　Defendant and Appellant. | B332747<br><br>(Los Angeles County<br>Super. Ct. No. KA091724) |

APPEAL from an order of the Superior Court of Los Angeles County, Rogelio G. Delgado, Judge.  Affirmed.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Daniel Ruben Lopez appeals from the trial court's order denying his petition for resentencing under Penal Code section 1172.6 (former § 1170.95).[1]  Because defendant is ineligible for section 1172.6 relief as a matter of law, we affirm.

## BACKGROUND

### I. *Preliminary Hearing*

The following evidence was adduced at defendant's preliminary hearing.  On May 8, 2010, sometime between 1:00 a.m. and 2:00 a.m., Thomas Garcia (Garcia) was driving home from a bar with two passengers after a confrontation with defendant.  An SUV pulled up alongside Garcia's vehicle.  Defendant was leaning out of the front passenger side of the SUV and pointing a gun.  Defendant said something to the effect of "'What's up now, mother fuckers?'" and fired multiple shots into Garcia's vehicle.  One of the bullets struck Garcia in the stomach.  He underwent surgery and remained hospitalized for nine days.

### II. *Charges*

In an information filed by the Los Angeles County District Attorney's Office after the preliminary hearing, defendant was charged with the attempted murder of Garcia (§§ 187, subd. (a), 664; count 1) and shooting at an occupied motor vehicle (§ 246; count 2).  As subsequently amended by interlineation, the information alleged that, as to both counts, a principal personally

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

Effective June 30, 2022, former section 1170.95 was renumbered section 1172.6, with no substantive change.  (Stats. 2022, ch. 58, § 10.)  For simplicity, we refer to the section by its new numbering.

discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)), personally discharged a firearm (§ 12022.53, subd. (c)), and personally used a firearm (§ 12022.53, subd. (b)).

III. *Plea and Sentencing*

In October 2011, defendant pled no contest to one count of attempted murder (§§ 187, subd. (a), 664) and admitted personally discharging a firearm in the commission of the offense (§ 12022.53, subd. (c)). Defendant's trial counsel stipulated that the preliminary hearing transcript and probation report provided a factual basis for the plea. The trial court sentenced defendant to serve 25 years in state prison, comprised of five years for the attempted murder and 20 years for the firearm enhancement.

IV. *Section 1172.6 Petition*

In December 2022, defendant filed a petition for resentencing pursuant to section 1172.6. The People opposed the petition, arguing that the preliminary hearing transcript demonstrated that defendant was prosecuted as the sole and actual perpetrator of the crime. Defendant's appointed counsel filed a brief asserting that the record did not conclusively establish that defendant was ineligible for relief.

V. *Trial Court's Ruling*

The trial court held a hearing on defendant's section 1172.6 petition in July 2023. At the conclusion of the hearing, the court denied the petition as follows:

"The court reviewed the court file again, the court reviewed the information, the abstract of conviction. The court also reviewed the sentencing transcript. [Defendant] plead [*sic*] guilty or no contest to this offense.

"In addition, he also admitted to a personal use of a firearm, violation of . . . section 12022.5 . . . , and the defendant

3

stipulated to a factual basis of his plea and it was based upon the preliminary hearing transcript.

"In light of that, the court reviewed the preliminary hearing transcript. After reviewing the preliminary hearing transcript, the court determined that the defendant acted alone, shooting at the victim. There was testimony where he used a handgun, leaned out the window of a car and fired at the victim.

"Based on that, the defendant acted alone in shooting the victim.

"And based on that, my determination on the preliminary hearing transcript, defendant's motion for recall and sentencing pursuant to section 1172.6 is denied."

VI. *Appeal*

Defendant timely appealed from the order denying his section 1172.6 petition.

## DISCUSSION

I. *Relevant Law*

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) substantively amended sections 188 and 189 to "eliminate[] natural and probable consequences liability for murder as it applies to aiding and abetting[] and limit[] the scope of the felony-murder rule. [Citations.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) The bill also added what is now section 1172.6 to provide "a procedural mechanism for defendants who could not be convicted of murder under the amended laws to seek retroactive relief. [Citations.]" (*People v. Rodriguez* (2024) 103 Cal.App.5th 451, 457 (*Rodriguez*).) Senate Bill No. 775 (2021–2022 Reg. Sess.) subsequently "expanded the class of defendants entitled to relief to those convicted of attempted

4

murder under the natural and probable consequences doctrine. [Citations.]" (*Rodriguez*, *supra*, at p. 457.)

In order to obtain resentencing relief, a defendant must first allege that an information was filed against him allowing the prosecution to proceed under either (1) a theory of murder under the felony murder rule, the natural and probable consequences doctrine, or any "other theory under which malice is imputed to a person based solely on that person's participation in a crime[,]" and/or (2) a theory of "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a)(1).) The defendant must also allege that he was convicted of murder or attempted murder (§ 1172.6, subd. (a)(2)), and that he could not now be convicted "because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).)

Upon the filing of a properly pleaded petition for resentencing, the trial court must conduct a prima facie analysis to determine the defendant's eligibility for relief. (§ 1172.6, subds. (b)(3) & (c); *People v. Strong* (2022) 13 Cal.5th 698, 708; *Lewis*, *supra*, 11 Cal.5th at pp. 957, 960.) "[T]he prima facie inquiry . . . is limited. . . . "'[T]he court takes [a] [defendant]'s factual allegations as true and makes a preliminary assessment regarding whether the [defendant] would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause'"'" and set the matter of an evidentiary hearing. (*Lewis*, at p. 971.)

In making this assessment, the trial court may consider the defendant's record of conviction. (*Lewis*, *supra*, 11 Cal.5th at pp. 970–971.) "The record of conviction will necessarily inform the trial court's prima facie inquiry . . . allowing the court to

5

distinguish petitions with potential merit from those that are clearly meritless." (*Id.* at p. 971.) However, "the court should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Id.* at p. 974.)

When a defendant's conviction follows a plea rather than a trial, the record of conviction includes the transcript of the defendant's preliminary hearing if the transcript "reliably reflect[s] the facts of the offense for which the defendant was convicted." (*People v. Reed* (1996) 13 Cal.4th 217, 223 (*Reed*); see also *People v. Patton* (2023) 89 Cal.App.5th 649, 657 (*Patton*), review granted June 28, 2023, S279670.)

"Courts of Appeal are split on the import of the preliminary hearing transcript in determining whether a petitioner has made a prima facie case for resentencing under section 117[2.6]." (*People v. Flores* (2022) 76 Cal.App.5th 974, 989 (*Flores*); compare *People v. Mares* (2024) 99 Cal.App.5th 1158, 1167 (*Mares*), review granted May 1, 2024, S284232 [record of conviction, including preliminary hearing transcript, supported no theory other than defendant acted alone as the actual killer]; *People v. Pickett* (2023) 93 Cal.App.5th 982, 990–993 (*Pickett*), review granted Oct. 11, 2023, S281643 [courts can rely on preliminary hearing transcripts to determine prima facie eligibility even if a defendant does not stipulate to it as a factual basis for a plea]; *Patton, supra,* 89 Cal.App.5th at pp. 657–658 [court may rely on preliminary hearing transcript at prima facie stage if evidence contained therein is uncontroverted], with *People v. Williams* (2024) 103 Cal.App.5th 375, review granted Sept. 11, 2024, S286314 [even if a preliminary hearing transcript provides probable cause that a defendant was the actual perpetrator, an

information containing a generic charge of murder would still permit the prosecution to proceed at trial under an invalid theory of murder]; *People v. Davenport* (2021) 71 Cal.App.5th 476, 481 (*Davenport*) [trial court erroneously relied on preliminary hearing transcript in making prima facie determination because defendant did not stipulate to the transcript as a factual basis for his plea].)

## II. *Standard of Review*

We review de novo the trial court's denial of a section 1172.6 petition at the prima facie stage. (*People v. Coley* (2022) 77 Cal.App.5th 539, 545.)

## III. *The Trial Court Did Not Err*

Applying these legal principles, we conclude that the trial court properly denied defendant's section 1172.6 petition because the record of conviction establishes that he is ineligible for resentencing as a matter of law.

As described above, a successful prima facie case for section 1172.6 relief requires a defendant to aver, inter alia, that he could no longer be convicted "because of" the 2019 changes to sections 188 and 189. (§ 1172.6, subd. (a)(3).) Those legislative changes "did not affect actual killer theories." (*Mares*, *supra*, 99 Cal.App.5th at p. 1166.) It follows that a "sole and actual perpetrator of [an] attempted murder . . . is ineligible for resentencing as a matter of law. [Citations.]" (*Patton*, *supra*, 89 Cal.App.5th at p. 657; see also *People v. Hurtado* (2023) 89 Cal.App.5th 887, 893 [defendant who "alone attempted to commit murder" was "'ineligible for relief' as 'a matter of law[]'"].)

Here, the record of conviction conclusively establishes that defendant was prosecuted and convicted "[a]s the sole and actual perpetrator of the attempted murder of" Garcia. (*Patton*, *supra*,

7

89 Cal.App.5th at p. 657.) The preliminary hearing transcript—a part of the record of conviction (see *Reed*, *supra*, 13 Cal.4th at p. 223)—unequivocally shows that the People's only theory of attempted murder liability was that defendant personally shot Garcia. There was no reference to or even a suggestion of multiple shooters or that defendant was vicariously liable for a different assailant's intent to kill.

Defendant pled no contest to the attempted murder and admitted that he had personally discharged a firearm. Defendant's trial counsel stipulated that the preliminary hearing transcript and probation report provided a factual basis for the plea, which establishes that the transcript is sufficiently reliable to demonstrate defendant's ineligibility for resentencing relief. (See *Davenport, supra,* 71 Cal.App.5th at p. 483 [a preliminary hearing transcript can "not *conclusively* 'refute' [the] allegations" in a section 1172.6 petition unless the defendant "stipulate[d] that the [preliminary hearing] transcript provided [the] factual basis for [his] . . . plea"]; contra, *Flores*, *supra*, 76 Cal.App.5th at p. 991 [a defendant's "stipulation that the [preliminary hearing] transcript provided a factual basis for the plea is not a '"binding admission for all purposes[]"'"].) And, nowhere in defendant's petition for resentencing did he aver or point to any evidence that he was not convicted as the actual attempted murderer.

Defendant resists this conclusion, arguing only that the trial court erroneously relied on the preliminary hearing transcript. He contends that *Pickett, supra,* 93 Cal.App.5th 982 and *Patton*, *supra*, 89 Cal.App.5th 649—cases holding that a trial court may properly rely on a preliminary hearing transcript to determine prima facie eligibility under section 1172.6—were

8

"wrongly decided." He urges us to follow, instead, the reasoning of *People v. Rivera* (2021) 62 Cal.App.5th 217 (*Rivera*).

*Rivera* does not assist defendant. In that case, the Court of Appeal held that Rivera, who stipulated to a grand jury transcript as the factual basis for a plea of no contest to second degree murder, did not admit the truth of the evidence presented to the grand jury. (*Rivera*, *supra*, 62 Cal.App.5th at p. 235.) Thus, the grand jury transcript could not be used to demonstrate that Rivera had admitted to acting with actual malice and did not preclude a prima facie showing of eligibility for section 1172.6 relief. (*Rivera*, at pp. 224, 235.) Unlike here, however, the evidence presented to the grand jury suggested that Rivera drove a fellow gang member, Coneal, to a location where Coneal—*not* Rivera—shot and killed the victim. (*Id.* at p. 224.) In support of his section 1172.6 petition, Rivera filed a reply "[p]ointing out that there was no dispute Coneal was the actual shooter" and "highlight[ing] the lack of evidence that he shared or knew of Coneal's intent, that he knew Coneal had a gun, or that he assisted Coneal in any way except by driving the car." (*Rivera*, *supra*, at p. 226.)

Here, defendant was convicted as the actual shooter and not under any theory of vicarious liability. His section 1172.6 petition did not advance any alternative theory or proffer any evidence to controvert this. Accordingly, the trial court properly denied the petition at the prima facie stage, without weighing the evidence or making credibility determinations. (See *Patton*, *supra*, 89 Cal.App.5th at p. 658.)

## DISPOSITION

The order denying defendant's section 1172.6 petition for resentencing is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.
LUI


_____, J.
HOFFSTADT